**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Manderlin T. Levette, | : | Case No. 1:10 CV 370 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Bennie Kelly, Warden, | : | |
| Respondent. | : | |

This habeas case, filed pursuant to 28 U.S.C. § 2254, was referred to the undersigned Magistrate pursuant to the United States District Court for the Northern District of Ohio Local Rule 72.2. Pending is Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) and Defendant's Motion to Dismiss and Supplemental Authority (Docket Nos. 6 & 7). For the reasons that follow, the Magistrate recommends that the Court grant the Motion to Dismiss.

**I. STATEMENT OF FACTS**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal are presumed to be correct. *Keith*

*v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)). The following facts were adduced during the direct appeal in *State v. Levette,* 2009 WL 1698361, *1 (2009):

On August 31, 1990, the Richland Bank's main office was robbed by Kent Davenport, Raymond Hardnick and Manderlin Levette, the Petitioner in this case. In the course of the robbery, Kent Davenport shot and killed a bank customer, Theodore Vanetta. Following the robbery, Petitioner and his two co-defendants fled from the scene but were soon apprehended.

After his apprehension by the Ohio State Highway Patrol, S.A. Wheeler and Detective Tom Erre of the Mansfield Police Department went to Medina where Petitioner had been apprehended. While at the Medina Post of the Ohio State Highway Patrol, Wheeler and Erre questioned Petitioner. Petitioner was read his *Miranda* rights from an FBI form at 2:26 p.m. Petitioner signed the form indicating a waiver of his constitutional rights.

The officers interrogated Petitioner for forty to forty-five minutes. Officer Wheeler then made a written statement wherein he paraphrased Petitioner's statements during the interview. In the statements Petitioner admitted his involvement in the robbery. Subsequently, Petitioner stated in his own handwriting he had read the statement, the statement was true and correct, he voluntarily waived his rights and he waived his rights because he did not want a lawyer at that time.

## II. PROCEDURAL BACKGROUND.

### A. INDICTMENT & SENTENCE.

On August 31, 1990, Petitioner was indicted as follows:

(1) Count II–Aiding and abetting each other and another in attempting to commit a theft offense, a violation of OHIO REV. CODE § 2923.11, with a firearm specification.

(2) Count IV–While aiding and abetting each other and another in committing or attempting to commit aggravated robbery, Petitioner purposely caused the death of another, a violation of OHIO REV. CODE § 2903.01(B), with a firearm specification.

(Docket No. 6, Exhibit 1).

On January 28, 1991, Plaintiff was found guilty by a jury of aggravated murder and aggravated robbery, both with a gun specification (Docket No. 6, Exhibit 2, pp. 5, 68, 69 of 244).

On February 6, 1991, Petitioner was sentenced to consecutive terms as follows:

(1) twenty years to life for aggravated murder

    (2)    a mandatory sentence of three years actual incarceration for the gun specification as imposed pursuant to Count IV of the indictment.

    (3)    eight to twenty-five years to be served consecutively to the life imprisonment sentence with no parole eligibility until twenty full years have been served and the three-year mandatory gun specification sentence has been served.

    (4)    a total of three years actual incarceration for the two gun specifications resulting from a single continuous course of conduct.

(Docket No. 6, Exhibit 3).[1]

**B.  DIRECT APPEAL.**

Petitioner perfected an appeal on February 8, 1991 (Docket No. 6, Exhibit 4). In his appellant brief, Petitioner asserted four assignments of error:

**(1)  Assignment of Error No. 1**–Appellant was deprived of a fair trial when the prosecuting attorney referred to the case as a felony murder and urged the jury to disregard the "purpose to kill" element of the offense.

**(2)  Assignment of Error No. 2**–The conviction of aggravated murder was contrary to the manifest weight of the evidence.

**(3)  Assignment of Error No. 3**–Appellant was denied a fair trial and substantial justice due to ineffective assistance of counsel.

**(4)  Assignment of Error No. 4**–The jury instructions on the issue of "abandonment" constitute plain error prejudicial to the appellant.

(Docket No. 6, Exhibit 5).

The Court of Appeals for Richland County, Ohio, affirmed the judgment of the trial court finding:

---

[1] On September 9, 1991, Petitioner withdrew his former plea of not guilty to aggravated murder and entered a plea of guilty to involuntary manslaughter at OHIO REV. CODE § 2903.14(A) in Case CR. 262005. Petitioner was sentenced to a term of nine years to twenty-five years, such sentence to be served concurrently with the sentence he was currently serving (Docket No. 6, Exhibit 36).

- **(1)** **Assignment of Error No. 1**–The prosecutor's remarks about the felony murder rule were "ill considered"; however, the trial court correctly charged the jury. Accordingly, there was no reversible error.
- **(2)** **Assignment of Error No. 2**–The court reviewed the record and found sufficient competent and credible evidence from which the jury could conclude that Petitioner did not abandon the robbery before the victim was shot. The verdict was therefore not against the manifest weight of the evidence.
- **(3)** **Assignment of Error No. 3**. –Trial counsel's performance was not deficient and he violated no essential duty to Petitioner. Counsel clearly pursued a trial strategy in which the strongest points of Petitioner's defense were emphasized.
- **(4)** **Assignment of Error No. 4.** –The trial court's instruction is a correct interpretation of Ohio law as applied to the facts of the case. The instruction to the jury permitted them to find that Petitioner did not have the intent to kill at the time Petitioner's partner shot the victim and the jury could have followed this instruction and voted to acquit Petitioner of both robbery and homicide or just the homicide charge.

## C. POST CONVICTION RELIEF

On January 25, 1995, Petitioner filed an application for reopening in the appellate court pursuant to OHIO R. APP. 26(B) (Docket No. 6, Exhibit 9). The court of appeals denied the application on February 23, 1995 (Docket No. 6, Exhibit 10).

Petitioner filed a motion for reconsideration of the court of appeals' decision to deny his application on March 16, 1995 (Docket No. 6, Exhibit 11). The court of appeals granted the application and reopened the appeal on March 28, 1995 (Docket No. 6, Exhibit 12).

Petitioner filed a petition in the Court of Common Pleas of Richland County, Ohio. On July 30, 1995, the court dismissed the petition (Docket No. 6, Exhibit 8).

On August 11, 1995, Petitioner filed in the court of appeals, a brief on the merits asserting two assignments of error:

- **(1)** **Assignment No. 1**–Petitioner was deprived of the effective assistance of counsel provided by the Sixth Amendment as well as the due process protection under the Fourteenth Amendment. Appellate and trial counsel erred in conceding Petitioner's guilt of

>   aggravated robbery although the evidence clearly showed abandonment prior to the time of the commission of the aggravated robbery.
>
> (2) **Assignment No. 2**–Petitioner was deprived of the effective assistance of counsel provided by the Sixth Amendment of the United States Constitution as well as the due process protection under the Fourteenth Amendment. Appellate and trial counsel failed to properly raise the issue of a motion to suppress involuntary oral and written statements made to a police officer.

The court of appeals affirmed the conviction and found that:

> (1) **Assignment No. 1**–Neither trial nor appellate counsel violated any of their essential duties owed to Petitioner by counsel by making strategical arguments on his behalf.
>
> (2) **Assignment No. 2–**There was no evidence that Petitioner was mistreated during the interrogation. The circumstances surrounding his interrogation established that he waived his *Miranda* rights voluntarily. Thus, trial counsel's failure to file a motion to suppress and appellant counsel's failure to raise this issue on appeal did not amount to ineffective assistance of counsel because the motion would have been unsuccessful.

(Docket No. 6, Exhibit 16).

Petitioner filed a notice of appeal as of right in the Ohio Supreme Court on June 17, 1996 (Docket No. 6, Exhibit 17).

Upon consideration of the jurisdictional memoranda filed in this case, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal on October 23, 1996, as not involving any substantial constitutional question (Docket No. 6, Exhibit 20).

On October 8, 2008, Petitioner filed a post-conviction petition in the court of common pleas (Docket No. 6, Exhibit 21). On October 20, 2008, a judgment entry overruling the petition was journalized (Docket No. 6, Exhibit 23). Petitioner perfected an appeal on November 10, 2008 (Docket No. 6, Exhibit 24). In his brief on the merits, Petitioner argued the following:

> **(1) Assignment of Error No. 1**–The trial court committed reversible error in its failure to grant relief to Petitioner, a legally innocent person, as to whether the counts in the indictment that purport to charge aggravated murder and aggravated robbery are insufficient to charge those offenses.

5

  (2) **Assignment of Error No. 2**–The trial court committed reversible error in its failure to grant relief where the aggravated murder and aggravated robbery counts are insufficient to charge an offense under Ohio law.

  (3) **Assignment of Error No. 3**–The constitutionally defective counts in the indictment require that Petitioner's aggravated murder and aggravated robbery offenses be set aside.

The Court of Appeals for the Fifth Appellate District affirmed the judgment of the trial court and determined that as the appeal stemmed from the denial of a petition for post-conviction relief, not a direct appeal of his conviction, Petitioner's petition for post-conviction relief was untimely filed and the trial court did not err in so finding. Any attempt to raise a defect in the indictment was barred under *res judicata* principles (Docket No. 6, Exhibit 27).

Petitioner filed a notice of appeal in the Ohio Supreme Court on July 20, 2009 (Docket No. 6, Exhibit 28). In the memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

> Pursuant to *Doyle v. State*, 17 Ohio St. 222, 225 (1848), where, as a matter of law, counts in an indictment do not charge an offense under Ohio law, the convictions must be set aside.
>
> (Docket No. 6, Exhibit 29).

Chief Justice Moyer declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question (Docket No. 6, Exhibit 30).

**F.     PETITION FOR WRIT OF HABEAS RELIEF**.

Petitioner filed a Petition for Writ of Habeas Corpus on February 18, 2010, in which he asserted six grounds for relief:

(1).    Counts in the indictment are so fatally defective that under no circumstances could a valid conviction result.

(2).    The aggravated murder and aggravated robbery counts filed against Petitioner are void as they do not charge offenses under Ohio law.

(3)    Petitioner is legally innocent.

(4)    The constitutionally defective counts in the indictment require reversal of his conviction.

(5)    Petitioner was deprived of his due process rights since the aggravated robbery and aggravated murder counts in the indictment failed to notify him of all essential elements of the crimes for which he was convicted.

(6)    There is no bar to raising jurisdictional claims under the post-conviction statute where the judgment is void.

(Docket No. 1).

### III.  JURISDICTION

Under 28 U.S.C. § 2254, a federal court can grant a writ of habeas corpus to state prisoners if they are held in custody *pursuant to the judgment* of a state court only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Eddleman v. McKee,* 586 F.3d 409, 412 (6th Cir. 2009) (*citing* 28 U.S.C. § 2254(a) (emphasis added)).

Petitioner was sentenced pursuant to the judgment of the Richland County Court of Common Pleas in Mansfield, Ohio.  His place of confinement at the time he filed pleadings was in the Trumbull Correctional Facility in Levittsburg, Ohio.

Petitioner articulated claims that, if true, violate the Fourteenth Amendment to the United States Constitution.

Under Section 2254, this Court is authorized to review Petitioner's request for habeas review since he is held in custody pursuant to a state judgment and he has alleged violations of the constitution.

### IV. HABEAS CORPUS STANDARD OF REVIEW.

Under provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may grant a writ of habeas corpus with respect to a "claim that was adjudicated on the merits in state court proceedings" if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *Saxton v. Sheets,* 547 F.3d 597, 601 (6th Cir. 2008) (*citing* 28 U.S.C. § 2254(d)(1)). "A state-court decision is 'contrary to' clearly established federal law if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *Id.* (*citing Joseph v. Coyle*, 469 F.3d 441, 459-450 (6th Cir. 2006) *cert. denied sub nom Houk v. Joseph*, 127 S. Ct. 1827 (2007) (brackets, citations, and internal quotation marks omitted)).

A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *Id.* (*citing Williams v. Taylor,* 120 S.Ct. 1495, 1520-1521 (2000), or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." *Id.* (*citing Joseph, supra*, 469 F.3d at 450) (citation and internal quotation marks omitted)). In other words, a petitioner can be granted habeas relief only if after viewing the evidence in a light most favorable to the state, any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Id.* (*see Nash v. Eberlin,* 258 Fed. Appx. 761, 765 (6th Cir. 2007)).

8

The Sixth Circuit Court has cautioned that the term "unreasonable application" is not synonymous with incorrect. *Schoenberger v. Russell*, 290 F. 3d 831, 834 (6th Cir. 2002). A federal habeas court may not issue a writ because the court concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly. *Id.* The correct inquiry is whether the state court's application of clearly established law was objectively unreasonable. *Id.*

### V. RESPONDENT'S POSITION.

Respondent asserts that Petitioner's habeas petition is time barred and that the Court must grant the motion to dismiss.

### VI. PETITIONER'S POSITION.

Petitioner asserts that he exhausted all of his remedies in state court prior to filing his petition in this Court. Petitioner does not challenge Respondent's time calculation s with respect to the statute of limitations. Petitioner does not invoke the doctrine of equitable tolling *per se*. However, he tacitly assents to his failure to file a petition for writ of habeas corpus within the one year period prescribed in 28 U. S. C. § 2244(d)(1) as he claims that he is actually innocent.

### VII. ANALYSIS.

The AEDPA, effective on April 24, 1996, amended 28 U. S. C. § 2244 to include a one year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. *Cook v. Stegall*, 295 F. 3d 517, 519 (6th Cir. 2002). For prisoners whose convictions were finalized prior to the effective date of the AEDPA, this circuit ruled that prisoners could have one additional year after the Act's effective date to file a habeas petition. *Id.* (*citing Brown v. O'Dea*, 187 F. 3d 572, 577 (6th Cir. 1999) *overruled on other grounds*, 120 S. Ct. 2715 (2000)).

In this case, Petitioner had until April 24, 1997, to file his habeas petition. He did not file a petition prior to the deadline. Petitioner contends, however, that this deadline was not applicable to him since he is actually innocent.

Under the doctrine of equitable tolling, this Court has the authority to excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder,* 499 F.3d 568, 571 -572 (6th Cir. 2007) (*citing Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005)). One form of equitable tolling recognized by the Sixth Circuit is a claim of "actual innocence." *Id.* (*citing Souter,* 395 F. 3d at 602). A sufficiently supported claim of actual innocence creates an exception to the procedural barriers to bringing a claim irrespective of his or her reasons for failing to bring the claims in a timely manner.

In determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence, the court must employ the actual-innocence standard developed in *Schlup v. Delo,* 115 S.Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim. *Id.* (*citing Souter,* 395 F.3d at 596). Under the *Schlup* standard, as adopted in *Souter,* the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* (*citing Schlup,* 115 S. Ct. at 867; *see Schlup* , 115 S. Ct. at 868). This standard of review requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. *Id.* Thus, a petitioner does not meet the threshold requirement unless he or she persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him or her guilty beyond a reasonable doubt. *Id.* (*see also Souter*, 395 F.3d at 602).

To be considered credible, a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. *House v. Bell,* 126 S.Ct. 2064, 2077 (2006) (internal quotation marks

10

omitted). The court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal quotation marks omitted).

Petitioner has not exercised due diligence as he failed to advance his claim of actual innocence until November 2008, more than ten years after he completed the exhaustion requirements. When he finally requested relief, Petitioner presented no new exculpatory evidence with his Petition for Writ of Habeas Corpus. His conclusory allegations of actual innocence are inconsistent with the proof presented by the government which included his admission to the investigating officers of his involvement in the robbery.

Petitioner failed to present evidence to establish that his conviction resulted in a fundamental miscarriage of justice and that it is likely that the jury convicted one who was actually innocent. Since Petitioner did not adhere to the procedural rules and show innocence necessary to overcome the procedural bar, the Magistrate recommends that the Court dismiss his claim as time barred. Because of the procedural bar, the Magistrate does not reach the merits of Petitioner's claims.

### VIII. CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus, grant Respondent's Motion to Dismiss and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: January 27, 2011

11

### IX. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.