# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MANDERLIN T. LEVETTE, | ) | CASE NO. 1:10CV370 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| BENNIE KELLY, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Manderlin T. Levette, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge Vernelis K. Armstrong. The Court ADOPTS the Report (Doc. 8) in its entirety. The Petition is DISMISSED.

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the Report and Recommendation as it relates to Levette's objection.  The objection lack merit.

1

**I.   Analysis**

The Report concludes that Levette's petition is untimely under the AEDPA. In his objection, Levette contends that the statute of limitations contained in the AEDPA should not apply because his convictions became final prior to the effective date of the Act. Levette's objection has no merit.

For prisoners like Levette, "whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas petition." *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002) (citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *overruled on other grounds* 530 U.S. 1257 (2000)). As the AEDPA became effective on April 24, 1996, Levette had until April 24, 1997 to file his petition. Accordingly, the Report did not err in its conclusion that Levette's petition was untimely.

The Court notes that the Report also reviewed whether Levette's claim of actual innocence warranted equitable tolling. Levette's objections claim no error in the Report's conclusion that equitable tolling was not warranted. Accordingly, the Court adopts the Report's reasoning on that issue as well.

**II.   Conclusion**

The Court hereby ADOPTS the Report and Recommendation in its entirety. Levette's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 11, 2011 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

3